IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL C. SAIN,

        Plaintiff,                    No. CIV S-05-2628 DFL CMK P

    vs.

BOARD OF PRISON TERMS, et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a prisoner proceeding without counsel and in forma pauperis with this civil rights action under 42 U.S.C. §1983. This proceeding was referred to this court by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1). On November 2, 2006, the court found that service was appropriate for defendants and ordered plaintiff to, within thirty days, complete and return documentation required for service. On December 12, 2006, the court issued an order directing plaintiff to show cause, in writing, within ten days why he had failed to return the necessary documents for service of defendants to the court. To date, plaintiff has not returned the necessary service documents or responded to the court's order to show cause.

        The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's

1

interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules.  See Ghazali, 46 F.3d at 53.

       Having considered these factors, and in light of plaintiff's failure to comply with the December 12, 2006 order to show cause, the court finds that dismissal is appropriate.

       IT IS RECOMMENDED that plaintiff's complaint be dismissed without prejudice.  See Local Rule 11-110; Fed. R. Civ. P. 41(b).

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 5, 2007.


                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE